IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHESTER O'QUINN, # K-92939,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 13-cv-01342-JPG |
| ) | |
| **DONALD GAETZ**, *et al.* ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Chester O'Quinn, an inmate who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this class action pursuant to 42 U.S.C. § 1983 (Doc. 1). As explained in greater detail below, Plaintiff's complaint violates the pleading requirements of the Federal Rules of Civil Procedure. As such, Plaintiff's complaint is dismissed without prejudice and with leave to amend.

**The Complaint**

On December 27, 2013, Plaintiff filed this action on behalf of himself and an unspecified number of additional inmates against twenty-two defendants. The complaint describes this matter as a "potentially (sic) class action suit." According to the complaint, "some issues relate only to [Plaintiff], but most issues relate to the class" (Doc. 1, p. 5).

What follows is an 11-page handwritten list of constitutional violations (Doc. 1, pp. 6-16). The list is prefaced with the following statement: "During the past 6 months and currently these are the issues that I and we feel violate our constitutional rights" (Doc. 1, p. 6). It is often difficult to discern whether the allegations in the complaint pertain to Plaintiff, to the class, or to

both. Even more problematic is the fact that very few defendants are mentioned by name in the statement of claim. It is therefore difficult to discern who allegedly did what.

Further, the list of alleged constitutional deprivations is long and vague. Many, though not all, pertain to Eighth Amendment claims of deliberate indifference to inmate medical needs or unconstitutional conditions of confinement. These alleged violations include, but certainly are not limited to, the: (1) denial of adequate medical care for diabetic inmates; (2) denial of vaccines to inmates; (3) failure to treat Plaintiff's cysts and boils with antibiotics for six months; (4) failure to provide diabetics with an adequate diet; (5) denial of pillows; (6) failure to treat nerve damage in Plaintiff's hand; (7) challenge to the prison's sick call and medical copay policy; (8) challenge to the handcuff policy for diabetics; (9) delay in prescription refills; (10) delay in filling Plaintiff's prescription medications for thirty-eight days; (11) denial of Plaintiff's gym pass for over sixty days; (12) denial of treatment for Plaintiff's spider bite for over six months; (13) denial of adequate hygiene supplies; (14) denial of Plaintiff's mental health treatment; and (15) failure to fill a hole at the prison with concrete. This list is not exhaustive. The complaint sets forth many claims with few details.

**Legal Standard**

Rule 8 of the Federal Rules of Civil Procedure dictates that a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and also "a demand for the relief sought." FED. R. APP. P. 8(a). Additionally, Rule 8(d) requires that each allegation within the complaint "must be simple, concise, and direct." FED. R. APP. P. 8(d)(1). The allegations in the complaint must "actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above a speculative level." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir. 2008) (emphasis in original). At the same

time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**Discussion**

Even affording Plaintiff's complaint the liberal construction that a *pro se* pleading deserves, it is in clear violation of the pleading requirements. The Court cannot shoulder the full burden of fashioning a viable complaint for a *pro se* plaintiff.

First, Plaintiff cannot bring a class action on behalf of his fellow inmates. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding it would be plain error to permit imprisoned pro se litigant to represent his fellow inmates in a class action). The Federal Rules permit class actions to be maintained only if the class representative (in this case the *pro se* Mr. O'Quinn) "will fairly and adequately protect the interests of the class," FED. R. APP. P. 23(a)(4), and "[e]very court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action." *Lee v. Gardinez*, No. 11-cv-570-GPM, 2012 WL 143612, at *1 n.1 (S.D. Ill., Jan. 18, 2012) (quoting *Craig v. Cohn*, 80 F. Supp. 2d 944, 946 (N.D. Ind. 2000) (internal citations and quotation marks omitted)). Therefore, it is appropriate to dismiss the complaint on this basis alone.

Second, although Plaintiff asserts certain claims on behalf of himself, it is difficult, if not impossible, to discern which claims pertain to him and which claims relate to other inmates. To comply with the general pleading requirements, Plaintiff must assert only those claims that pertain to him, describe with specificity the events giving rise to each claim, and identify each defendant who participated in the deprivation. *See Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (plaintiff lacks standing in § 1983 action where he alleges that inmates generally

are treated in contravention to the constitution, but not that plaintiff himself was treated in violation of the constitution).

Third, it appears that Plaintiff is attempting to improperly bring unrelated claims in a single case. As instructed by the Seventh Circuit Court of Appeals, "[u]nrelated claims against different defendants belong in different suits," in part to prevent prisoners from dodging filing fees or the three strikes provision in the Prison Litigation Reform Act. *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." FED. R. APP. P. 18(a). Under Rule 20(a)(2), defendants may be joined in one action only if the Plaintiff asserts a "right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." FED. R. APP. P. 20(a)(2). Thus, under these rules, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George,* 507 F.3d at 607.

Because Plaintiff's complaint is too muddled for either the Court or defendants to manage, it shall be dismissed without prejudice. *Lindell v. McCallum*, 352 F.3d 1107, 1110 (7th Cir. 2003) ("If a complaint's length and lack of clarity make it unintelligible, dismissal under FED. R. APP. P. 8(a) is permitted . . . ."); *Flayter v. Wisconsin Dep't of Corr.*, 16 F. App'x 507, 509 (7th Cir. 2001) ("A prolix and confusing complaint should be dismissed because it makes it difficult for the defendant to file a responsive pleading and for the court to conduct orderly litigation;"), *citing Vicom, Inc. v. Harbridge Merch. Serv., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994).

However, Plaintiff shall be granted leave to file an amended complaint. When filing his amended complaint, Plaintiff should refrain from filing unnecessary exhibits, such as the tube of toothpaste and deodorant he filed with the original complaint. Plaintiff should also bring separate, unrelated claims in separate actions. This may include filing actions in another judicial district. As the events giving rise to this action occurred during the six months immediately preceding this action, it does not appear that Plaintiff faces an impending statute of limitations deadline. Therefore, he should not be prejudiced by the dismissal of these claims, but he should be mindful of the applicable deadlines when considering whether to file a new lawsuit in the proper district.

**Pending Motions**

Plaintiff has filed a motion to amend/correct (Doc. 4), which consists of additional exhibits he would like to file with the original complaint and a request to add co-plaintiffs to this action. The motion is **DENIED** for the reasons set forth in this order. However, Plaintiff shall have an opportunity to file a complete amended complaint, consistent with the below-listed instructions.

Plaintiff has also filed a motion to instruct (Doc. 6), in which he claims that he is being denied access to the law library. This motion is also **DENIED**. Should Plaintiff wish to assert this claim, he must do so in an amended complaint, according to the below-listed instructions.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** for non-compliance with Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff is **GRANTED** leave to file his amended complaint **on or before March 4, 2014.** Should Plaintiff fail to file an amended complaint within the allotted time, dismissal will become

with prejudice.  FED. R. APP. P. 41(b).  *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions.  The amended complaint shall present each claim in a separate count, and each count shall specify, *by name*, each Defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors.  Plaintiff should refrain from filing unnecessary exhibits.  Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.  To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that this dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00[1] remains due and payable, regardless of whether Plaintiff elects to file an amended complaint.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

---

[1] Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) will be addressed in a separate Order of this Court.  Should the motion be denied, the filing fee will be $400.00 instead of $350.00.

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. APP. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  January 28, 2014**

<u>s/ J. Phil Gilbert</u><br>
**U.S. District Judge**