UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHESTER O'QUINN,

    Plaintiff,

        v.

DONALD GAETZ, THOMAS SPILLER, S.A. GODINEZ, DR. V. SHAH, A. RECTOR, MR. BLADES, JODY GOGETTING, JANET DAUGHERTY, NURSE AMY, NURSE ABBY and OFFICER OLMSTED,

    Defendants.

Case No. 13-cv-1342-JPG-PMF

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 56) of Magistrate Judge Philip M. Frazier recommending that the Court deny plaintiff Chester O'Quinn's motion for a temporary restraining order (Doc. 15). O'Quinn objects to the Report (Doc. 70).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

In the Report, Magistrate Judge Frazier finds that Correctional Lieutenant Baker, who is not a party to this action, ignored a special cuff permit from a prison doctor and refused to handcuff O'Quinn to facilitate insulin injections on one day during a lockdown in March 2014, which resulted in O'Quinn missing his two shots that day. Since Baker is not a defendant in this case and since his alleged wrongdoing was a discrete act in the past, Magistrate Judge Frazier found

O'Quinn has an adequate remedy at law, is not likely to suffer irreparable harm if an injunction is not granted, and does not have a reasonable likelihood of success on the merits of his claim   In his objection, O'Quinn quibbles with Magistrate Judge Frazier's description of the special cuff permit and argues the situation is likely to happen again because the institution is frequently on lockdown. He asks the Court to order the defendants to revise the language in his cuff permit.   He also states that when he testified under oath that he had only missed his shots one day, he was delirious from a hunger strike and that he had actually missed his shots for two days.

The Court has reviewed the matter *de novo* and finds, for the reasons given by Magistrate Judge Frazier, that O'Quinn is not entitled to a temporary restraining order.   Whether he was deprived of his shots for one or two days is of no consequence where the obstacle to his receiving medication is not ongoing.   Accordingly, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 56); and
- **DENIES** O'Quinn's motion for a temporary restraining order (Doc. 15).

**IT IS SO ORDERED.**
**DATED: July 14, 2014**

              s/J. Phil Gilbert
              **J. PHIL GILBERT**
              **DISTRICT JUDGE**