IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHESTER O'QUINN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-CV-1342-NJR-DGW |
| ) | |
| DONALD GAETZ, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Philip M. Frazier entered on June 23, 2015 (Doc. 151). Magistrate Judge Frazier recommends that the undersigned deny the *seventh* Motion for Preliminary Injunction (Doc. 144) filed by Plaintiff Chester O'Quinn. Magistrate Judge Frazier further recommends this Court restrict Plaintiff from filing further motions seeking injunctive relief. Plaintiff filed a timely objection on July 10, 2015 (Doc. 152). For the reasons set forth below, Magistrate Judge Frazier's Report and Recommendation is adopted in its entirety.

### BACKGROUND

Plaintiff Chester O'Quinn, an inmate currently housed at Pinckneyville Correctional Center ("Pinckneyville"), brought this action alleging various deprivations of his constitutional rights by numerous Defendants. Following threshold review, Plaintiff was allowed to proceed on the following claims:

- Count 1(a): A claim against Defendants Shah and Rector for allegedly displaying deliberate indifference to Plaintiff's medical needs by failing to complete a "full examination" of Plaintiff "from head to toe."

- Count 1(b): A claim against Defendants Shah and Rector for allegedly displaying deliberate indifference to Plaintiff's medical needs by repeatedly ignoring Plaintiff's request for a front cuff permit.

- Count 1(c)(1): A claim against Defendants Blades, Gogetting, Shah, and Rector for allegedly displaying deliberate indifference to Plaintiff's medical needs by ignoring Plaintiff's complaints that he was denied access to the ADA gym for more than ninety days.

- Count 1(e): A claim against Defendants Shah, Rector, Gogetting, and Gaetz for allegedly displaying deliberate indifference to Plaintiff's medical needs by ignoring Plaintiff's four requests in September 2013 for a pillow, which Plaintiff allegedly needs to prevent aggravation of a prior neck and back injury.

- Count 1(g): A claim against Defendants Daugherty, Abby, Amy, and Olmsted for allegedly displaying deliberate indifference to Plaintiff's medical needs by preventing Plaintiff to raise his shirt to receive his insulin shots.

- Count 1(h): A claim against Defendants Shah and Rector for allegedly displaying deliberate indifference to Plaintiff's medical needs by failing to adequately treat Plaintiff for a spider bite he received in June 2013.

- Count 1(c)(2): A claim against Defendant Godinez for violating the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and/or the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*

(*See* Doc. 16).

On May 15, 2015, Plaintiff filed a Notice or Open Motion for Temporary Relief, which has been interpreted as a motion for preliminary injunction (Doc. 144). Plaintiff has filed numerous motions of this type in the past (*See* Docs. 15, 78, 103, 120, 123, 129). In the current Motion, Plaintiff seeks injunctive relief compelling Defendant Shah to provide him with certain medications to treat one of his skin conditions or refer him to

an outside doctor for decisions regarding necessary skin care. In his response, Defendant Shah asserts that Plaintiff's concerns regarding his skincare is a recent dispute arising in April 2015, which is not at issue in this lawsuit (Doc. 146).

## CONCLUSIONS OF THE REPORT AND RECOMMENDATION

Based upon the evidence before the Court, Magistrate Judge Frazier found that Plaintiff was not entitled to a preliminary injunction. Magistrate Judge Frazier also recommended that Plaintiff be restricted from filing additional motions in this action seeking relief in the nature of a preliminary injunction given Plaintiff's tendency of filing motions as a knee-jerk reaction rather than upon careful consideration of the legal basis for his requests.

## DISCUSSION

The undersigned must undertake a *de novo* review of the Report and Recommendation because a timely objection was filed. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the district judge to "give fresh consideration to those issues to which specific objections have been made" and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper*, 824 F.Supp. at 788 (citing 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788. Where neither timely nor specific objections to the Report and Recommendation

are made, however, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a de novo review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985).

*Preliminary Injunction*

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997). The purpose of such an injunction is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). In order to obtain a preliminary injunction, Plaintiff has the burden of establishing that: (1) he is likely to succeed on the merits of his claim; (2) he has no adequate remedy at law; and (3) he is likely to suffer irreparable harm without the injunction. *Planned Parenthood of Indiana, Inc. v. Comm'r of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012), *citing Am. Civil Liberties Union of Ill. v. Alvarez,* 679 F.3d 583, 589–90 (7th Cir. 2012).

As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). Once Plaintiff has met his burden, the Court must weigh 'the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Debelius*, 735 F.3d 654, 665 (7th Cir. 2013). Additionally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

In the context of prisoner litigation, the scope of the Court's authority to enter an injunction is circumscribed by the Prison Litigation Reform Act ("PLRA"). *Westefer v. Neal,* 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunction relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); s*ee also Westefer,* 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted).

Plaintiff generally objects to Magistrate Judge Frazier's Report and Recommendation, contending that his various motions are not frivolous or without merit. Plaintiff asserts that he is not an attorney and should be provided leeway to file motions. Plaintiff further admits that he recently received the shampoo sought in this most recent motion for preliminary injunction.

After thoroughly reviewing the record before it, the Court agrees with Magistrate Frazier that Plaintiff's motion practice has taken an undue amount of Court resources considering the merits of his motions. Such as the current Motion, many of Plaintiff's motions are moot, repetitive, or lack a factual or legal basis to support the requested relief. The Court previously warned Plaintiff that filing restrictions would be imposed without further notice should he file another motion in this case that was frivolous or not well supported by law and fact (*See* Doc. 121). Once again, Plaintiff has

failed to meet this threshold. It is well-established that preliminary injunctions are an "extraordinary and drastic remedy" requiring the movant to demonstrate its justification by a clear showing. *Mazurek,* 520 U.S. at 972. The Court finds that Plaintiff has failed to reach his threshold burden for injunctive relief. The Court further finds that filing restrictions are necessary in order to confine future motions to non-repetitive requests having a factual basis and arguable legal merit.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** Magistrate Judge Frazier's Report and Recommendation (Doc. 151). Plaintiff's Motion for Preliminary Injunction (Doc. 144) is **DENIED.** Furthermore, the Court hereby imposes the following filing restrictions on Plaintiff:

1. Plaintiff is **RESTRICTED** from filing additional motions in this case without first obtaining written permission from the Court.

2. Plaintiff may move for leave to file additional motions once each month.

3. Any motions for leave should bear the title "Motion for Leave to File Motion." Any such motion for leave **shall not exceed 5 pages in length** and shall contain, as attachments, each motion Plaintiff wishes to file.

4. Any response to a Motion for Leave to File Motion shall be filed within 7 days.

5. Plaintiff is **DIRECTED** to review each proposed motion and carefully evaluate the merit of his request before seeking permission to file that motion.

IT IS SO ORDERED.

DATED: July 31, 2015

s/ Nancy J. Rosenstengel
**NANCY J. ROSENSTENGEL**
**United States District Judge**