IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHESTER O'QUINN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 13-CV-1342-NJR-PMF** |
| | ) | |
| JAMES BLADE, JODY GOETTING, | ) | |
| DONALD GAETZ, SALVADOR | ) | |
| GODINEZ, DARIN OLMSTEAD, | ) | |
| THOMAS SPILLER, JANET | ) | |
| DAUGHERTY, ABBY ELDER, ANGEL | ) | |
| RECTOR, VIPIN SHAH, and AMY | ) | |
| FLOWERS, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

### BACKGROUND

Two motions for summary judgment are pending before the Court (Docs. 94, 105).

Defendants move for summary judgment on the basis that Plaintiff failed to exhaust his

administrative remedies, and Plaintiff filed timely objections to both motions (Docs. 114,

116). The case was previously assigned to Judge J. Phil Gilbert, but it was transferred to

the docket of the undersigned pursuant to an Administrative Order entered on July 20,

2015 (Doc. 153).

Plaintiff Chester O'Quinn is challenging many of the conditions he experienced

while confined at Pinckneyville Correctional Center ("Pinckneyville"). Plaintiff's

original complaint (Doc. 1) was filed on December 27, 2013, but dismissed without

prejudice and with leave to amend by Judge J. Phil Gilbert on January 28, 2014 (Doc 8).

Plaintiff filed his amended complaint (Doc. 10), the operative complaint in this matter,

on February 28, 2014. Plaintiff is proceeding against eleven defendants on an assortment

of claims pursuant to 42 U.S.C. § 1983, based on allegations of Eighth Amendment

deprivations through deliberate indifference to medical needs.[1] He also asserts

Americans with Disabilities/Rehabilitation Act violations ("ADA"). Plaintiff has seven

claims against Defendants, which can be summarized as follows:

> **Count 1:** Defendants Shah and Rector never completed a full medical examination of Plaintiff "from head to toe."
>
> **Count 2:** Defendants Shah, Elder, and Rector repeatedly ignored Plaintiff's requests for a front cuff permit, which Plaintiff needs for the administration of insulin among other reasons. Because of this, Plaintiff was routinely denied insulin shots, resulting in twelve episodes of dangerously low blood sugar.
>
> **Count 3:** Defendants Blade, Goetting, Shah, and Rector ignored Plaintiff's complaints that he was denied access to the gym for more than ninety days. Plaintiff was denied access to the gym because of disabilities he sustained from a car accident and work related injuries. Plaintiff was permitted to move forward with this claim against Godinez under the ADA.
>
> **Count 5:** Defendants Shah, Rector, Goetting, and Gaetz ignored Plaintiff's four requests in September 2013 for a pillow, which Plaintiff needed to prevent aggravation of a prior neck and back injury.
>
> **Count 6:** Defendants Daugherty, Flowers, and Olmstead denied Plaintiff his insulin shots for 3-4 weeks and would not allow Plaintiff to lift his shirt to receive these shots when he did receive them.

---

[1] Because Plaintiff is seeking injunctive relief, the Court reinstated Defendant Warden Spiller as a defendant in the case for that purpose only (Doc. 16).

> **Count 7:** Plaintiff was not adequately treated for a spider bite that he received in June 2013. He was required to see a nurse three times before being referred to a doctor. Defendants Shah and Rector ignored his spider bite complaints for 5-6 months before giving him antibiotics. Even then, Plaintiff continued to suffer from a rash, boils, bleeding, and cysts, which he attributes to the bite.[2]

Defendants in this case, James Blade, Jody Goetting, Donald Gaetz, Salvador Godinez, Darin Olmstead, Thomas Spiller, Janet Daugherty, Abby Elder, Angel Rector, Vipin Shah, and Amy Flowers, collectively filed two motions for summary judgment on the issue of exhaustion (Docs. 94, 105), arguing that Plaintiff failed to exhaust his administrative remedies prior to filing suit. Based on a review of the grievance record maintained at Pinckneyville and the Administrative Review Board ("ARB"), Defendants contend that Plaintiff failed to grieve, or failed to exhaust his grievances, as to every claim against each Defendant prior to filing this lawsuit. Plaintiff responded to Defendants' Motions for Summary Judgment (Docs. 94, 105), on October 16, 2014 (Doc. 114) and on October 22, 2014 (Doc. 116).

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents &Brokers Agency, Inc., v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no

---

[2] Plaintiff also blames the cancerous ingredients in his toothpaste for these cysts.

material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress &Co.*, 398 U.S. 144, 160 (1970); *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. The Seventh Circuit has stated that summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Steen v. Myers et. al*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

## DISCUSSION

In Plaintiff's amended complaint (Doc. 10), Plaintiff suggests that he filed or attempted to file grievances on all issues and confronted delays and other obstacles along the way, including limited access to grievance forms. He is certain that most of his concerns were exhausted before his summary judgment response was filed (Doc. 114). Because the materials on file permit analysis of the arguments without further factual development, an evidentiary hearing has not been held.

The Court has carefully reviewed the exhibits on file and elects to discuss Plaintiff's access to grievance forms before considering the manner in which prison administrators handled the particular grievances and appeals linked to Plaintiff's claims.

### I.      Plaintiff's Access to Grievance Forms

On occasion, Plaintiff mailed correspondence to an assortment of individuals, reporting that he was having trouble obtaining access to grievance forms. Correspondence of this nature was mailed on May 27, June 21, July 18, August 14, September 6, September 20, and November 7, 2013.

Inmates are not required to exhaust all administrative remedies – only those that are available to them. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The "availability" of a remedy is not a matter of what appears to be on paper, but whether the process was in reality open for use. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

After conducting a complete review of the extensive materials on file, the Court is satisfied that Plaintiff had reasonable access to grievance forms throughout the periods at issue in this case. In particular, he had access to forms and prepared formal grievances on the following dates:

| | |
|---|---|
| 5/1/2013 | |
| 5/10/2013 | 11/2/2013 |
| 5/11/2013 (two) | 11/13/2013 |
| 5/22/2013 | 11/18/2013 |
| 6/2/2013 | 11/20/2013 |
| 6/11/2013(two) | 11/30/2013 |
| 6/28/2013 | 12/3/2013 |
| 7/12/2013 | 12/4/2013 |
| 7/18/2013 | 12/11/2013 |
| 8/7/2013 | 12/12/2013 |
| 8/14/2013 | 12/13/2013 |
| 9/4/2013 | 12/18/2013 |
| 9/21/2013 | 12/23/2013 (three) |
| 9/22/2013 | |
| 10/2/2013 | |

Because these records exist, it can be concluded that any delay in obtaining access to grievance forms was temporary and did not, in reality, deprive Plaintiff of access to the administrative remedy procedure.

## II.    Plaintiff's surviving grievances

Inmates who are unhappy with aspects of their prison confinement are required to exhaust available administrative remedies before turning to the Court. 42 U.S.C. §1997(e)(a); *Woodford*, 548 U.S. at 84. Failure to exhaust is an affirmative defense that the defendants must prove. *Pavey v. Conley*, 544 F.3d 739, 740-41 (7th Cir. 2008). The state's procedural rules establish the contours of the exhaustion requirement. *Jones v. Bock*, 549 U.S. 199, 218 (2007). In other words, to exhaust, inmates must have filed complaints and appeals in the place and at the time the prison's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Grievances are intended to give prison administrators an opportunity to address a concern. They do not need to place individual defendants on notice of an impending lawsuit. *Jones*, 549 U.S. at 218. Defendants may not demand that inmates take steps beyond those that the administrative rules require. *Kaba*, 458 F.3d at 684. Similarly, inmates are not required to complete procedural steps that are effectively unavailable. *Id*. A remedy becomes unavailable when prison employees do not respond to a properly filed grievance or subvert the process with affirmative misconduct. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

In support of their motions, Defendants submit records maintained by the Administrative Review Board (ARB). The ARB handles the prisoner's grievance after he appeals it to the Illinois Department of Corrections. As this is the last step in the grievance procedure, the ARB's records are sufficient to allow the Court to determine whether a final decision was made. Defendants suggest that the ARB received several grievance appeals. Some appeals were rejected due to procedural deficiencies; while

other appeals did not pertain to the particular disputes giving rise to Plaintiff's claims in this case (Doc. No. 95, p. 7; Doc. No. 106, pp. 6-7).

### A. Count 1 – lack of a full medical examination

Plaintiff prepared a grievance regarding deficient physical examinations on May 10, 2013 (Doc. No. 106-1, pp. 5-6). A counselor prepared a response on June 6, 2013. The grievance office received the grievance on June 27, 2013, and assigned No. 111-13. A decision was made at the institutional level on August 19, 2013. The ARB received the appeal on September 9, 2013. The appeal was not resolved until August 21, 2014 (Doc. No. 106-3, pp. 27-28).

Plaintiff prepared another grievance regarding incomplete physical examinations on June 11, 2013 (Doc. No. 106-1, pp. 7-8). A counselor prepared a response on June 19, 2013. The grievance office received the grievance on June 27, 2013, and assigned No. 109-13. A decision was made at the institutional level on August 19, 2013. The ARB received the appeal on September 9, 2013. The appeal was not resolved until August 21, 2014 (Doc. No. 106-3, pp. 27-28).

Plaintiff prepared another grievance regarding deficient physical examinations on November 20, 2013 (Doc. No. 106-1, pp. 27-28). A counselor prepared a response on December 9, 2013.

Plaintiff filed this action on December 27, 2013. This was less than four months after he appealed the May 10 and June 11 grievance decisions, and shortly after he received a counselor's response to his November 20 grievance. All three grievances were being processed, but the review process was not complete prior to the date of filing. While there was a delay at the ARB level, the delay was not unreasonable under the

circumstances and did not interfere with Plaintiff's effort to obtain an administrative remedy. In short, Plaintiff did not properly exhaust his available remedies. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004)(exhaustion rules are routinely enforced by dismissing suits that begin too soon, even if plaintiff exhausts while the litigation is pending). Plaintiff filed this suit while an administrative remedy was still available, without giving the process a chance to work. *See Worthem v. Boyle*, 404 Fed. Appx. 45 (7th Cir 2010).

### B. Count 2 – lack of a front cuff permit

Plaintiff prepared a grievance regarding a front cuff permit on May 10, 2013 (Doc. No. 106-1, pp. 5-6). A counselor prepared a response on June 6, 2013. The grievance office received the grievance on June 27, 2013, and assigned No. 111-13. A decision was made at the institutional level on August 19, 2013. The ARB received the appeal on September 9, 2013. The appeal was resolved on August 21, 2014 (Doc. No. 106-3, pp. 27-28).

Plaintiff prepared another grievance regarding a front cuff permit on May 11, 2013 (Doc. No. 106-1, pp. 9-10). A counselor prepared a response on June 6, 2013. The grievance office received the grievance on June 27, 2013, and combined it with No. 111-13. A decision was made at the institutional level on August 19, 2013. The ARB received the appeal on September 9, 2013. The appeal was resolved on August 21, 2014 (Doc. No. 106-3, pp. 27-28).

Plaintiff prepared another grievance regarding a front cuff permit on June 11, 2013 (Doc. No. 106-1, pp. 7-8). A counselor prepared a response on June 19, 2013. The

grievance office received the grievance on June 27, 2013, and assigned No. 109-13. A decision was made at the institutional level on August 19, 2013. The ARB received the appeal on September 9, 2013. Part of the appeal was resolved on June 26, 2014 (Doc. No. 106-2, p. 19). The remainder was resolved on August 21, 2014 (Doc. No. 106-3, pp. 27-28).

Plaintiff prepared another grievance regarding a front cuff permit on August 7, 2013 (Doc. No. 106-1, pp, 16-17). A counselor prepared a response on September 25, 2013. The grievance office received the grievance on October 3, 2013. A decision was made at the institutional level on October 18, 2013. On June 17 and 24, 2014, the ARB declined to consider the appeal, finding procedural errors (Doc. No. 106-2, p. 16; Doc. No. 106-3, p. 6).[3]

Plaintiff prepared additional grievances regarding a front cuff permit on September 22, 2013 (Doc. No. 106-3, pp. 21). A counselor responded on October 15, 2013. A decision was made at the institutional level on November 25, 2013. The ARB reached its decision on August 21, 2014.

Plaintiff filed this action on December 27, 2013. Plaintiff did not wait the appropriate amount of time before filing this suit because he waited only four months, as opposed to the six months prescribed by statute. ILL. ADMIN. CODE TIT. 20, § 504.850(f); *Mlaska v. Shah*, 428 Fed. Appx. 642, 645 (7th Cir. 2011) ("When Mlaska filed suit, he had not allowed the prison a reasonable time to respond to his grievances, and thus we agree that he had not yet exhausted his available remedies); *Bentz v. Qualls*, No. 14-CV-0562-MJR-SCW, 2015 WL 5062775, at *5 (S.D. Ill. Aug. 26, 2015) (holding that because plaintiff filed suit

---

[3] The ARB's decision indicates that the appeal was received on September 9, 2013, before O'Quinn had received a decision at the institutional level.

before the ARB had a chance to respond, he had not exhausted all of his remedies). The May 10, May 11, June 11, August 7, and September 22, 2013 grievances were being processed, but final decisions were not completed prior to the date of filing. While there was some delay at the ARB level, the delay was not unreasonable under the circumstances. Thus, this claim was not properly exhausted.

### C. Count 3- denial of gym access

Plaintiff did not prepare a grievance pertaining to his concerns about ADA gym access prior to filing this action. These claims have not been exhausted. Plaintiff is required to exhaust all of his administrative remedies before being permitted to proceed on an ADA claim against Godinez. *Cobb v. Weyandt*, 359 Fed. Appx. 285, 287 (3rd Cir. 2009)(rejecting Cobb's argument that he was not required to exhaust all of his administrative remedies before moving forward with his ADA claim); *See O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 160-61 (9th Cir. 2007).

### D. Count 4- denial of pillow

Plaintiff prepared a grievance pertaining to his need for a pillow on August 7, 2013 (Doc. No. 106-1, pp. 16-17). A counselor prepared a response on September 25, 2013. The grievance office received the grievance on October 3, 2013. A decision was made at the institutional level on October 18, 2013. On June 17 and 24, 2014, the ARB declined to consider Plaintiff's appeal, finding procedural errors (Doc. No. 106-2, p. 16; Doc. No. 106-3, p. 6).

Plaintiff prepared another grievance pertaining to his need for a pillow on November 20, 2013 (Doc. No. 106-1, pp, 27-28). A counselor provided a response on December 7, 2013. The grievance office received the grievance in January 2014, after this

action had been filed.

Plaintiff did not exhaust his available administrative remedies regarding this claim before he filed this litigation because he did not wait the appropriate amount of time before filing this suit.

### E. Count 5 – denial of insulin

Plaintiff prepared a grievance pertaining to his diabetes medication on September 21, 2013 (Doc. No. 106-1, pp. 19-20). A counselor prepared a response on October 15, 2013. The grievance office received the grievance on October 31, 2013. A decision was made at the institutional level on November 25, 2013. The ARB reached a decision on August 21, 2014 (Doc. Nos. 106-3, pp. 13, 17).

Plaintiff prepared another grievance pertaining to insulin on November 13, 2013 (Doc. No. 106-1, pp. 25-26). A counselor responded on December 4, 2013. A decision was made at the institutional level on July 15, 2014.

Plaintiff prepared another grievance pertaining to medication on December 23, 2013 (Doc. No. 106-3, pp. 15-16). A counselor prepared a response on January 15, 2014. The grievance office received the grievance on January 23, 2014. A decision was made at the institutional level on May 14, 2014 (Doc. No. 106-3, p. 14). The ARB reached a decision on August 21, 2014 (Doc. Nos. 106-3, pp. 13, 17).

Plaintiff filed this action on December 27, 2013. The statutorily prescribed amount of time, six months, had not passed before Plaintiff filed suit. . ILL. ADMIN. CODE TIT. 20, § 504.850(f); *Mlaska*, 428 Fed. Appx. at 645; *Bentz*, No. 14-CV-0562-MJR-SCW, 2015 WL 5062775, at *5. Further, the September 21, November 13, and December 23, 2013, grievances were being processed but the process was not completed prior to the date of

filing. Accordingly, this claim was not properly exhausted.

### F. Count 6- denial of medical care for spider bite complaints

Plaintiff prepared a grievance regarding a rash on October 2, 2013 (Doc. No. 106-3, p. 22-23). A counselor provided a response on October 11, 2013. The grievance office received the grievance on October 31, 2013. A decision was made at the institutional level on November 25, 2013. The ARB made a decision on August 21, 2014. Therefore, this claim was not exhausted prior to the initiation of this litigation.

CONCLUSION

Plaintiff failed to exhaust his available administrative remedies prior to filing this action on December 27, 2013. While Plaintiff initiated the grievance process, he did not give the prison administrative process an opportunity to work. Plaintiff acted prematurely by filing this case before exhausting all of his administrative remedies. The motions for summary judgment (Doc. Nos. 94, 105) are **GRANTED**, and all claims for relief are **DISMISSED without prejudice**. Because no claims remain for a decision, the Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED:   September 22, 2015**

s/_Nancy J. Rosenstengel__
NANCY J. ROSENSTENGEL
United States District Judge